DALE F. MATHES, Petitioner,

*v.*

BLUE RIDGE GLASS CORPORATION and UNITED STATES FIDELITY & GUARANTY COMPANY, Respondents.

(*Knoxville,* September Term, 1959.)

Opinion filed December 11, 1959.

S. J. MILLIGAN, Greeneville, for petitioner.

WILSON, WORLEY & GAMBLE, Kingsport, for respondents.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

In this case the Chancellor allowed compensation to Dale F. Mathes, the employee of Blue Ridge Glass Corporation, under our Workmen's Compensation statute and the Blue Ridge Glass Corporation has appealed and assigned several errors.

The first question to be considered is the statute of limitations. The injury to the employee occurred on or about July 12, 1957; the petition for compensation was filed on February 11, 1959. The facts as testified by the employee are as follows: His age at the time of the accident was about 33 years, while working on the night shift on some machinery which required him to move some beams and while he was cutting holes in the plate with an acetylene torch, a piece of hot metal hit him in the left ear, causing him to hit his head on the beam. There was no nurse on duty at that hour. He continued working for a few days until his ear began to hurt and he then went to the foreman and was then sent to the Company doctor who treated his ear and told him to come back in a few days. As a result of the treatment, his ear apparently cleared up. He started having trouble with his ear again, however, just before he was laid off in October or November of the same year 1957. He thought that his headaches were caused by his eyes, so he had his eyes examined by Dr. McKee and now wears glasses, but the doctor informed him that there was nothing wrong with his eyes and despite the wearing of glasses, he continued to have the headaches.

During the cold and rainy weather he had and still has headaches all the time; when the swimming pools

opened in the summer of 1958 and he went swimming, his head gave him a lot of trouble for a couple of weeks at a time and then would ease off for awhile. As a result of those severe headaches during the summer of 1958, he contacted his attorney, who notified the Blue Ridge Glass Corporation of the claim.

On cross-examination, he testified as follows:

"Q. Mr. Mathes, going to the point that you were talking about last, as I understood you to say, these headaches were constant since this experience, is that true? A. Well, not constant, but just practically, you know, I'll have them 2 or 3 times a week, you know. They'll come on me and last maybe a day, and sometimes I get them and they last 3 or 4 days.

"Q. And that situation was true from the date that you had this spark in your ear, is that your testimony? A. Yes, sir, I never had them until after this accident occurred.

"Q. And then they occurred more or less constantly since that time? A. Yes, sir.

"Q. And that, as I recall, was in July of 1957? A. Yes, sir.

"Q. And are they about as constant now as they were in '57 and '58; are they occurring about the same period of time? A. Yes, sir."

He finally testified, as above stated, that he first thought the headaches were being caused by his eyes but that after his eyes were examined and the doctor said his eyes were all right, then he just kept getting the headaches so that he knew that it must be something

due to the accident that he had while working for Blue Ridge.

We have recently had before us and have already disposed of same the case of *Pittman v. City Stores, Inc.,* etc., 204 Tenn. 650, reported in 325 S.W.2d 249, in which the Chief Justice reviewed the cases pro and con dealing with this exact question. In our judgment the facts in the instant case place it clearly within the rule applied in the Pittman case. It would, therefore, serve no useful purpose to review again those authorities. If anything, the compelling facts are stronger in the instant case than in the Pittman case, because this employee has suffered these headaches practically constantly since the occurrence of the accident.

It is urged in behalf of the employee that the statute should not be held to begin to run until it is definitely determined that the employee has been injured, predicating this insistence upon the petitioner's own testimony that it was not until after he had had the benefit of the eye doctor's examination and findings that the employee himself formed the opinion that his headaches were due to the accident.

The similar situation in the Pittman case was that the employee waited until the doctor was satisfied that the headaches were due to the accident or injury that occurred about 3 years prior thereto. In that case we held otherwise than is here insisted in behalf of this employee.

For the foregoing reasons, the decree below is reversed and the petition is dismissed.