**CONSOLIDATED UNDERWRITERS,**
Appellant,

v.

**Owen PITTMAN, Appellee.**

No. 6672.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 30, 1964.

Rehearing Denied Oct. 28, 1964.

**316**

Baker, Botts, Shepherd & Coates, Houston, for appellant.

Helm, Jones & Pletcher, Houston, for appellee.

PARKER, Justice.

Appellee Owen Pittman sued Consolidated Underwriters to recover benefits for an accidental injury sustained by him on February 19, 1962, in the course of his employment with Foster Lumber Company. Said employer had in effect with appellant a policy of insurance providing coverage under the Workmen's Compensation Law.

A jury found that appellee sustained an accidental injury in the course of his employment on February 19, 1962, that the employer received notice of injury within thirty days, and said injury produced permanent total incapacity from said date. A wage rate producing a compensation rate for total incapacity of $35.00 a week was stipulated. Special Issues 16, 17, 18 and 19 were submitted to the jury to determine whether or not good cause existed for appellee's failure to file his claim for compensation with the Industrial Accident Board within six months' period prescribed by Art. 8307, Sec. 4a, Vernon's Ann.Civ.St.

In answer to Special Issues 16 and 17, the jury found that appellee Pittman believed, until about the time his claim was filed, that his injuries would not disable him, and this was good cause for not filing his claim for compensation before it was actually filed. In its answers to Special Issues 18 and 19, the jury found that appellee Pittman believed until about the time his claim was filed that J. B. Webster, the employer's chief forester under whom appellee worked, was handling his claim in a timely manner, which was good cause for not filing his claim for compensation before it was actually filed. The trial court entered judgment for appellee upon the verdict of the jury, the stipulations and undisputed facts.

Appellant's Points of Error Nos. 1 through 5, inclusive, attack such findings of the jury on "good cause".

■ The test for "good cause" has been uniformly held to be that of ordinary prudence, as exercised by a claimant in prosecuting his claim with that degree of diligence that an ordinarily prudent person would have exercised under the same or similar circumstances. The special issues on good cause were phrased in compliance with the foregoing test. The question is one for the jury except when, from the evidence, only one reasonable conclusion can be drawn; and, in that event, the question of good cause is determined as a matter of law. Hawkins v. Safety Casualty Co., 146 Tex. 381, 207 S.W.2d 370 (1948).

Appellee Pittman testified: that on February 19, 1962, while cutting land lines for Foster Lumber Company he stumbled in a stumphole and fell to the ground, injuring his back. He was unable to continue working and was carried home. His wife then called Dr. Mitchell, but it was not until the following day that he saw the appellee, prescribing analgesics and a back brace for support. Appellee Pittman was unable to work for four or five days. On March 6, 1962, he went to see Dr. Helm about his injuries, and saw him several times thereafter. Returning to work within a week

after his accident, appellee notified the chief forester for Foster Lumber Company, Jim Webster, of the injury to his back. Appellee worked for Webster. Thereafter, appellee was given lighter work, missing hours of work, and at times, a day's work, until he was fired on September 18, 1962, because Foster Lumber Company wanted able-bodied men. Appellee testified that he believed his injuries were trivial and that he would get well; that his chief forester, Webster, told him not to file a claim with the Industrial Accident Board because he would take care of it. Webster was the representative of Foster Lumber Company signing the notice posted upon said company's building which directed its employees to report on-the-job injuries in this language:

> "All on-the-job injuries must be reported to the office immediately, of course, so that the proper forms can be filled out as required by the insurance company and by the State.

> "FOSTER LUMBER COMPANY

> "J. B. Webster
> "Chief Forester"

Appellee's testimony as to the injury to his back was corroborated by his wife, by Dr. Helm's testimony, and other evidence. Buster Ford, another employee, testified to the contrary but such testimony was contradicted by a written statement signed by Ford on September 24, 1962, stating that Pittman fell in a hole while working, before noon, sometime in February, 1962, couldn't walk, and that he, Buster Ford, reported the accident to Mr. Webster in Mr. Webster's office the same afternoon.

Claim for compensation was filed by appellee prior to September 24, 1962. Appellee was not an educated man, although for fifteen years he had satisfied Foster Lumber Company with his work under its chief forester, Jim Webster, his knowledge of timber and the boundary lines of the company lands.

■ The jury could properly consider the background and training of appellee, his lack of education and business experience in determining whether an ordinary prudent man, under the same or similar circumstances, would have delayed in filing his claim. The claimant reasonably could have relied upon Foster Lumber Company's chief forester that he would take care of filing the claim. United States Fidelity & Guaranty Company v. Herzik, 359 S.W.2d 914 (1962, Tex.Civ.App.) (writ ref., n. r. e.). Appellee reiterated time and again that he thought he was going to get well until he was fired on September 18, 1962. Then he abandoned his belief in ultimate recovery, and promptly prosecuted this claim for compensation. Claim for compensation was filed within seven days after he was so discharged, a reasonable period of time necessary for the investigation, preparation, and filing of his claim.

There is evidence supporting the submission of and findings of the jury in answer to Special Issues 16, 17, 18 and 19, and, accordingly, appellant's "no evidence" contentions are overruled.

Considering the entire record, there is ample support for the findings of the jury in answer to Special Issues 16, 17, 18 and 19. Further, such findings are not against the great weight and preponderance of the evidence as to be manifestly unjust and clearly wrong.

Appellant's points of error urging there was insufficient evidence to support and sustain the findings of elements of "good cause" and that such findings were against the overwhelming weight and preponderance of the evidence are overruled.

■ Such findings of the jury on "good cause" are sufficient to excuse the delay in filing the claim. The issues were phrased properly. Each and all parts of points of error 1, 2, 3, 4 and 5 are overruled.

■ Appellant's point of error No. 6 is that there is no evidence and insufficient evi-

**318**

dence to support and sustain the submission of Special Issue No. 4 and the jury's finding in answer thereto that the employer, Foster Lumber Company, had notice of injury within 30 days after the occurrence. Appellee testified he reported his injuries. Appellant states that appellee only asked Webster, employer's forester and foreman, if he had heard he had been injured. Appellee Pittman testified that within a week of his accidental injury, he informed Webster that he had hurt his back and was unable to work. On this occasion, his boss, the chief forester, told him to work as well as he could, even though only for an hour or two a day, assuring appellee the Company would pay his time; that he, Webster, would take care of everything; that it wasn't necessary for appellee to file any papers with the Industrial Accident Board. Appellee believed these statements because he was working under Webster and relied upon what Webster told him to do and not to do.

There is evidence supporting and sustaining the submission of Special Issue No. 4 and the jury's finding thereon. That part of appellant's point of error No. 6 contending there was no evidence thereon is overruled.

The jury finding that Foster Lumber Company received notice that Owen Pittman had sustained an accidental injury in the course of his employment with Foster Lumber Company within 30 days from February 19, 1962, taking into consideration the entire record, was supported by ample competent evidence, and was not so against the overwhelming weight and preponderance of the evidence as to be manifestly unjust or clearly wrong. That part of point of error No. 6 urging the evidence was insufficient to sustain the jury finding that the employer received notice of appellee's injury within 30 days is overruled.

■ The jury found, in answer to Special Issues Nos. 1, 2 and 3, that Pittman sustained an injury to his body on February 19, 1962; that said injury was an ac-

cidental injury received in the course of his employment with Foster Lumber Company.

Point of error No. 7 is that there was no evidence and insufficient evidence to support and sustain the court's submission of such special issues and the jury's findings thereon. Pittman testified he fell in a stumphole and injured his back while working in the course of his employment with Foster Lumber Company. It was an accidental injury. His fellow employee, Buster Ford, a witness for appellant, while upon the stand did not so testify. Nevertheless, the jury had a right to believe Pittman's narrative as to his falling in the stumphole and injuring his back while employed by Foster Lumber Company. The fact that Buster Ford had previously made a written statement corroborating appellee's testimony probably influenced the jury in disbelieving the testimony of Buster Ford. There is evidence supporting the submission and answers of the jury to such issues. It cannot be said that there was insufficient evidence to support the submission of such issues and the jury's findings thereon. Appellant's contention that there was no evidence supporting same is overruled. The testimony of appellee amply supports the ultimate fact issues found in his favor by the jury in answer to Special Issues 1, 2 and 3; and it cannot be said that the answers of the jury to such issues are manifestly unjust or clearly wrong. Accordingly, we overrule that part of point of error No. 7 contending there was insufficient evidence to support and sustain the court's submission of Special Issues 1, 2 and 3 and the jury's findings thereon.

Point of error No. 8 is a complaint by appellant that the trial court erred in overruling and refusing appellant's motion for new trial because the cumulative effect of improper proceedings, conduct of counsel, and rulings of the court deprived appellant of a fair and impartial trial. Such matters complained of are detailed hereinafter.

Appellant did not timely object to the following statements made on voir dire ex-

amination of the jury panel or during argument to the jury at the conclusion of the trial by attorneys for appellee, namely:

1. That appellee was retained in his employment until the six months' filing period had elapsed, and then was fired. This argument was supported by and undisputed in the record.

2. Appellee's counsel argued to the jury at times by asking a question of the appellee and his wife, with attorney for appellee answering his own question.

3. Appellee's counsel argued that Buster Ford testified, upon trial, in contradiction of a written statement signed by him. Such argument speculated as to what caused Buster Ford to change his story.

4. The statement of appellee's attorney upon voir dire examination of the jury panel as follows:

"It is our contention in this case, as I have told you, and we expect to present medical evidence, competent medical evidence, to prove it, that under the law of this state as given by the Judge in his charge, that Owen is totally and permanently disabled. We are suing in this case for $35.00 a week for 401 weeks, in this case. Is there anybody prejudiced against it because we are suing for workmen's compensation benefits of $35.00 a week for 401 weeks? If there is, please hold up your hand. That's what we are asking for in this case and that's what we expect to prove by competent evidence."

5. Jury argument by attorney for appellant containing substantially the same statements as contained above in No. 4.

6. The argument of appellee's attorney as to how much a doctor was paid to testify as compared to the $5.00 per day that a juror received.

 Appellant filed no motion for mistrial, and made no objection to the statement complained of upon voir dire examina-

tion of the jury. No objection was made by attorney for appellant to any of the foregoing numbered statements and arguments when made. Appellant waived its right to complain by not objecting thereto when made. The court had no opportunity to instruct the jury with respect thereto or to minimize any asserted damage to appellant. Appellee's counsel was given no opportunity to retract or withdraw his remarks. Much more objectionable argument has been held curable by instruction upon timely objection. Such argument and statements, if erroneous, could have been cured upon instruction from the court. Younger Bros., Inc. v. Myers, (Sup.Ct., 1959) 159 Tex. 585, 324 S.W.2d 546. See T. & N. O. RR. Co. v. Perez, 346 S.W.2d 369, Tex.Civ.App. (rehearing denied, n. r. e.).

The only two instances where appellant objected to the ruling of the court and mentioned in appellant's point No. 8 are as follows:

 (a) Appellant offered in evidence a check (Defendant's Exhibit No. 1). Appellee objected to a typewritten conclusion thereon. The court sustained the objection. Appellant excepted to the ruling of the court. Thereafter, counsel for appellee proposed that all of the check be admitted in evidence if counsel for appellant would agree to admit another instrument in evidence. This proposal was accepted. Both instruments were admitted in evidence. The exception of appellant to the previous ruling of the court on the check was waived.

 (b) Counsel for appellee asked the witness Webster to look at a statement by Buster Ford and his signature thereto to refresh Webster's memory. Appellant objected. The witness could not recall any fact after examining such signature and statement. The ruling of the court in this matter did not prejudice appellant so that it could be said it was deprived of a fair and impartial trial.

Appellant cites no authority applicable to (a) and (b) above that would indicate his

objection was valid, and we find it to be without merit.

Final complaint under point of error No. 8 was that appellee's attorneys were permitted to divide their time of jury argument so that Mr. Ellisor and Mr. Atkins both opened, and Mr. Ellisor closed. The trial court in its discretion could permit this. Appellant does not state in what manner he was prejudiced thereby. It seems to be without merit. Each and all of the complaints of point of error No. 8 are overruled.

Judgment of the trial court affirmed.