**EMPLOYERS' LIABILITY ASSURANCE CORP. and State of Alaska, Appellants,**

v.

**John BRADSHAW and Alaska Workmen's Compensation Board, Appellees.**

**No. 691.**

Supreme Court of Alaska.

Aug. 25, 1966.

Donald L. Craddick, of Faulkner, Banfield, Boochever & Doogan, Juneau, for appellants.

R. J. Annis, of Robertson, Monagle, Eastaugh & Annis, Juneau, for appellees.

OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

DIMOND, Justice.

On June 27, 1962, while in the course of his employment as a state police officer, appellee tripped and fell to the ground striking his left shoulder, head and neck. A claim for workmen's compensation on account of the injuries suffered from the fall was not filed until March 2, 1965, more than two and one-half years after the accident. The main question presented in this litigation is whether the claim was timely filed.

The Alaska Workmen's Compensation Board held that it was and awarded appellee temporary total disability compensation. The Board's decision was affirmed on appeal to the superior court. A further appeal has been taken to this court by the appellants.

Shortly after the accident, on July 2, 3 and 5, 1962, appellee received chiropractic treatment for acute myositis. No x-rays were taken by the chiropractor. About a month later appellee's neck started hurting again and he started getting headaches. On December 2, 1963 appellee was examined by Dr. Haggland, an orthopedic surgeon. According to Dr. Haggland's brief report to the Board, appellee was seen by the doctor "with a complaint referable to his right shoulder, diagnosed as a subdeltoid and cuff irritation and not a true bursitis. He was treated conservatively by a medication." According to appellee, in his testimony before the Board, he had complained to Dr. Haggland about a pain that would start in the junction of his left shoulder and neck and go to the top of his head. Dr. Haggland denied having any record that he had seen appellee "at all about his neck". No x-rays were taken by Dr. Haggland.

On May 2, 1964 appellee was examined by Dr. Meyer, an associate of Dr. Haggland. According to Dr. Haggland's report appellee had seen Dr. Meyer "about his ear and an occasional rare headache as part of his symptom but nothing referable to his neck." According to appellee, he had seen Dr. Meyer regarding the same pain he had seen Dr. Haggland about, i. e., a pain that started in the junction of his left shoulder and traveled up to the top of his head. Again, the record does not indicate that any x-rays were taken.

Appellee was next examined on December 2, 1964 by Dr. Wilde who took x-rays of appellee's neck. Dr. Wilde advised appellee that he had suffered a broken neck and that the cause of his pain and discomfort was cervical spondylosis.

Appellee next consulted Dr. Moore, an orthopedic surgeon. On January 14, 1965, Dr. Moore submitted a report in which he diagnosed the neck pains as a "flexion and extension injury of the neck in the Spring of 1962."

Appellee's claim for compensation was filed on March 2, 1965. On May 28, 1965, Dr. Clawson, the head of the Division of Orthopedic Surgery at the University of Washington Hospital, diagnosed the injury as a "cervical spondylosis with nerve root pressure at C-7, possibly C-6," and recommended that treatment should be in the "form of cervical spine fusion and possible foraminotomy if necessary."

■ The Alaska Workmen's Compensation Act provides in part:

> The right to compensation for disability under this chapter is barred unless a claim for it is filed within two years after the employee has knowledge of the nature of his disability and its relation to his employment and after disablement. * * *[1]

It is true that appellee experienced intermittent but continuing headaches and pain in his shoulders and neck for a period of over two years after the accident of June 27, 1962. But there is substantial evidence in the record showing that until appellee had consulted Dr. Wilde in December 1964, which was the first time that x-rays were taken, appellee had not been presented with a medical diagnosis of the condition of his neck. Until appellee saw Dr. Wilde in December 1964, he had no way of knowing what was creating the pain and discomfort and its relationship, if any, to the June 27, 1962 accident. As a layman, appellee should not be expected to diagnose a condition which physicians whom he had consulted in December 1963 and in May 1964 failed to diagnose. We hold that within the meaning of AS 23.30.105(a) appellee as a rea-

1. AS 23.30.105(a).

sonable man did not have "knowledge of the nature of his disability and its relation to his employment" until December 1964 when he was examined by Dr. Wilde. It was then that he received for the first time a medical diagnosis of the neck injury and a medical opinion that such injury resulted from the accident of June 27, 1962.[2] The Board was correct in concluding that appellee's claim for compensation was timely filed.

As a separate specification of error appellant contends that the superior court erred in failing to make sufficiently detailed findings of fact so as to indicate to this court the ground upon which it affirmed the decision of the Workmen's Compensation Board.

■■ It is true, as appellant points out, that we have held it necessary that findings and conclusions be sufficiently explicit so as to give this court a clear understanding of the basis for the trial court's decision.[3] But that rule applies only where it is required that the court below make findings of fact and state conclusions of law. Such a requirement was not present in this case. The superior court, in reviewing the Workmen's Compensation Board's decision, did not conduct a trial de novo, as it was empowered to do by statute, but instead acted as an appellate court in exercising its power to review an administrative agency's decision.[4] Civil Rule 52(a) which requires findings of fact[5] is not applicable in this situation since the superior court was not the fact finder.

We have examined the remaining points made by appellants and find no error. The judgment is affirmed.

---

2. Morrison-Knudsen Co. v. Vereen, 414 P. 2d 536, 541 (Alaska 1966).

3. Stock & Grove, Inc. v. City of Juneau, 403 P.2d 171, 176–177 (Alaska 1965); Dickerson v. Geiermann, 368 P.2d 217, 219 (Alaska 1962).

4. AS 44.62.570(d), respecting judicial review of the decisions of administrative agencies, provides in part that "The court may augment the agency record in whole or in part, or hold a hearing de novo. * * *"

5. Civ.R. 52(a) provides in part:
   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; * * *.