**Beverly C. ALECK, Appellant,**

v.

**DELVO PLASTICS, INC., CNA/Northern Adjusters, Inc., and Alaska Workers' Compensation Board, Appellees.**

**No. S–8434.**

Supreme Court of Alaska.

March 12, 1999.

---

Joseph A. Kalamarides, Kalamarides & Associates, Anchorage, for Appellant.

Constance E. Livsey and Dana Burke, Holmes, Weddle & Barcott, Anchorage, for Appellees Delvo Plastics, Inc. and CNA/Northern Adjusters, Inc.

Before MATTHEWS, Chief Justice, and COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

FABE, Justice.

### I. INTRODUCTION

Twenty years after she suffered a work-related injury, Beverly Aleck experienced a worsening of her symptoms. Aleck sought additional benefits from her employer, Delvo Plastics, Inc. The Alaska Workers' Compensation Board dismissed her claim, concluding that her increased disability was time barred because it did not fall within the latent injury exception to the statute of limitations for bringing new claims. We conclude that there was insufficient evidence to support the Board's finding that Aleck failed to exercise reasonable diligence to discover the nature of the injury. We therefore reverse and remand to the Board for a new hearing.

### II. FACTS AND PROCEEDINGS

In June 1973, while employed at Delvo Plastics, Inc. (Delvo), Beverly Aleck punctured her left thumb with a stapler. Aleck had suffered from abnormalities in her left thumb since childhood, and a doctor concluded that the stapling accident could have aggravated her prior medical problems.

Aleck's initial injury did not lead to litigation because Delvo voluntarily paid her both temporary total disability (TTD) benefits and partial permanent disability (PPD) benefits. In 1976, after Aleck's doctor increased her permanent disability rating from 50% of her left thumb to 25% of her entire left upper extremity, Delvo again voluntarily paid Aleck additional PPD benefits.

Aleck testified that she "lived with" her injury until 1993, when she began to experience numbness in her arm and noticed breaking blood vessels. Aleck sought medical attention, and in a November 1995 report, Dr. Gary Archer attributed her increased symptoms to her 1973 injury. In August 1996 he increased her PPD rating to 50% of the left upper extremity.

Aleck filed an Application for Adjustment of Claim (AAC) in November 1995, seeking reimbursement for medical costs associated with her new symptoms. She later amended her AAC to seek additional TTD and PPD benefits from Delvo. Delvo petitioned to dismiss her claim, arguing that it was barred by the statute of limitations in AS 23.30.105(a).

After a hearing on the petition to dismiss, the Alaska Workers' Compensation Board, with one member dissenting, ruled that Aleck's claim was time barred. The Board concluded that Aleck "did not exercise reasonable diligence to more timely discover the full extent of her disability" and therefore rejected her argument that the statute of limitations should be tolled because the increase in her disability was latent. The su-

perior court affirmed, accepting the Board's analysis, and Aleck appeals.

## III. *DISCUSSION*

### A. *Standard of Review*

 Because the superior court acted as an intermediate court of appeals in this case, we do not defer to its decision.[1] Instead, "we independently review the merits of an administrative determination."[2] We will "substitute our judgment for that of the Board in reviewing questions of law and statutory interpretation."[3] In particular, we review de novo a ruling on the appropriate statute of limitations.[4]

But determining when Aleck learned of the nature of her disability is a question of fact.[5] We will affirm the Board's factual findings if substantial evidence exists to support them.[6] Evidence is substantial if "a reasonable mind, viewing the record as a whole, might accept [it] as adequate to support the Board's decision."[7]

### B. *The Board Erred in Dismissing Aleck's Claim as Time Barred.*

Aleck initially applied for an adjustment of her claim from a PPD rating of 25% of her left upper extremity to a PPD rating of 50% of her left upper extremity. Delvo defended under AS 23.30.105(a)'s two-year statute of limitations for the filing of new claims.[8] In response, Aleck argued before the Board that the increase in her disability, as evidenced by the higher disability rating, fell within the "latent defect" exception to that statute.

AS 23.30.105(a) sets the time limit for the initial filing of workers' compensation claims.[9] In general, a claim is barred unless it is filed within two years after the employee has knowledge of the nature of the disability and its relation to the employment.[10] The statute of limitations is tolled "in the case of latent defects"[11] because of the difficulty in predicting the development of such defects. As Professor Larson discusses, "[t]he entire problem is the simple one of whether the claimant has had any reasonable occasion to

---

1. *See Hodges v. Alaska Constructors, Inc.*, 957 P.2d 957, 960 (Alaska 1998); *Kolkman v. Greens Creek Mining Co.*, 936 P.2d 150, 153–54 (Alaska 1997).

2. *Hodges*, 957 P.2d at 960 (citation and internal quotation marks omitted).

3. *Leslie Cutting, Inc. v. Bateman*, 833 P.2d 691, 693–94 (Alaska 1992).

4. *See Grober v. State, Dep't of Revenue*, 956 P.2d 1230, 1232 n. 2 (Alaska 1998); *Jenkins v. Daniels*, 751 P.2d 19, 21 (Alaska 1988).

5. *See Leslie Cutting*, 833 P.2d at 694 n. 8.

6. *See Kolkman*, 936 P.2d at 154.

7. *Id.* (internal quotation marks omitted).

8. Aleck actually describes the reason for reopening her earlier case as "a change in condition of the claimant's injury." If the need for adjustment is due only to an aggravation of Aleck's original injury or a change of condition, AS 23.30.130's one-year statute of limitations, applicable to requests to reopen an award, could apply. But both the parties and the Board proceeded under AS 23.30.105(a) without considering the potential applicability of AS 23.30.130. We have not had the opportunity to address the precise question of the relationship between section .105 and section .130 or how a change in condition may be distinguished from a latent

injury. Still, because the parties have not briefed these issues, we do not consider those issues here. *Cf. Hickel v. Halford*, 872 P.2d 171, 175 (Alaska 1994); *Vest v. First Nat'l Bank*, 659 P.2d 1233, 1234 n. 2 (Alaska 1983).

9. AS 23.30.105(a) provides:

> The right to compensation for disability under this chapter is barred unless a claim for it is filed within two years after the employee has knowledge of the nature of the employee's disability and its relation to the employment and after disablement. However, the maximum time for filing the claim in any event other than arising out of an occupational disease shall be four years from the date of injury, and the right to compensation for death is barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of the injury or death, a claim may be filed within two years after the date of the last payment of benefits under AS 23.30.180, 23.30.185, 23.30.190, 23.30.200, or 23.30.215. It is additionally provided that, in the case of latent defects pertinent to and causing compensable disability, the injured employee has full right to claim as shall be determined by the board, time limitations notwithstanding.

10. *See* AS 23.30.105(a).

11. *Id.*

file a claim sooner than he did." [12] If a claimant had no right to file a claim for a defect whose symptoms or relation to the workplace were not immediately apparent,

> every claimant should presumably be advised to imagine the most pessimistic and extreme of all possible explanations of his or her symptoms, and file claim at once for all of them. Every pain should be attributed to cancer; every eye irritation to incipient cataract; every back or leg pain to intervertebral disc herniation or osteomyelitis; every shoulder pain to separation of the bones. It may be doubted whether employers, commissions, and courts would find such an era of compensation practice any more satisfactory than would the claimants.[13]

Through AS 23.30.105(a)'s latent injury exception, the Alaska Legislature has addressed these concerns by incorporating the element that the claimant know of the injury's existence.

We have defined an injury as latent "so long as the claimant does not know, and in the exercise of reasonable diligence (taking into account his education, intelligence and experience) would not have come to know, the nature of his disability and its relation to his employment." [14] Similarly, other jurisdictions define an injury as latent until the substantial character of the injury is known or until the employee knows or should reasonably be expected to be aware of the full extent and nature of his injury.[15]

As Aleck argues, Alaska case law suggests that her increased disability may have been latent. In *W.R. Grasle Co. v. Alaska Work-* *men's Compensation Board,*[16] the employee did not initially file a claim for PPD benefits because doctors informed him that no permanent injuries would ensue from his on-the-job accident.[17] Six years later, however, the employee began to experience increased symptoms, and a doctor diagnosed him as suffering permanent disabilities. The employee therefore filed a PPD benefits claim.[18] This court concluded that the claim was timely under the latent defect provision of AS 23.30.105(a) because the employee filed it within two years after the time the defect became discoverable to the employee.[19]

The facts that were before the Board, without benefit of a hearing, do not support its finding that Aleck was aware of the nature of her injury from the beginning and that her claim was untimely. Like the employee in *Grasle,* Aleck did not initially file a claim based on a PPD rating of 50% of the left upper extremity because a doctor had informed her that her symptoms only merited a PPD rating of 25%. Aleck testified that she noticed increased symptoms, namely numbness and breaking blood vessels in her arm, in 1993 and sought medical treatment for these symptoms shortly thereafter in March 1994. She then filed a claim in November 1995, within two years of her increased disability. Thus, in light of our holding in *Grasle,* Aleck's claim may have been timely under the latent defect provision of the statute.

Yet the Board ruled that the injury was not latent and that Aleck "knew, or should have known (in the exercise of reasonable diligence), the nature of her disability." [20]

---

**12.** 7 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 78.44 (1998).

**13.** *Id.*

**14.** *W.R. Grasle Co. v. Alaska Workmen's Compensation Bd.,* 517 P.2d 999, 1002 (Alaska 1974) (citation omitted).

**15.** *See, e.g., Purolator Courier v. Chancey,* 40 Ark. App. 1, 841 S.W.2d 159, 162 (1992).

**16.** 517 P.2d 999 (Alaska 1974).

**17.** *See id.* at 1000, 1003.

**18.** *See id.* at 1001.

**19.** *See id.* at 1004–05; *see also Dafermo v. Municipality of Anchorage,* 941 P.2d 114, 115–19 (Alaska 1997) (finding an injury latent where doctors were unable to diagnose the nature of employee's disability or its work-relatedness until many years after the injury); 7 Larson & Larson, *supra* note 12, § 78.44 (stating that subsequent increase in disability should be considered latent injury).

**20.** We also note that the Board's general practice is to refrain from granting a petition to dismiss unless the claimant presents no evidence of the latency of the injury. *See Rayson v. Farmers Loop Mkt.,* 1991 WL 333812, at *3 (Alaska Workers' Comp. Bd. Oct. 28, 1991); *Wolfer v. Veco,*

Because a doctor had warned Aleck in the 1970s that her disability could worsen, the Board concluded that she should have sought more frequent medical treatment in order to track the progress of her injury. But Delvo did not present any evidence to contradict Aleck's factual assertions that her symptoms worsened in 1993 and that she received medical attention in 1994 nor has it pointed to any case law suggesting that an employee must periodically visit a doctor in order to track the progress of an injury even when the employee has experienced no change in symptoms. In light of the facts presented by Aleck and the lack of evidence presented by Delvo, there was insufficient evidence to support the Board's finding on this issue.[21]

The Board was understandably concerned that, given the many years that had elapsed since Aleck's injury, determining whether Aleck's increased impairment resulted directly from the injury or from her pre-existing problems and intervening events would be difficult. But these difficulties in proof do not justify denying Aleck a hearing on the merits. Under this court's latent injury case law Aleck should be granted the chance to offer evidence at a hearing before the Board.

## IV. CONCLUSION

The evidence that was before the Board did not support its determination that Aleck failed to exercise reasonable diligence to discover the nature of her injury. We therefore REMAND the matter to the Board for further proceedings consistent with this opinion.

---

*Inc.*, 1989 WL 236255, at *9 (Alaska Workers' Comp. Bd. April 14, 1989); *Tundra Tours, Inc. v. Alaska Nat'l Ins. Co.*, 1985 WL 50599, at *1 (Alaska Workers' Comp. Bd. Aug. 23, 1985).

**21.** Aleck argues alternatively that, in order to succeed in its statute of limitations defense, Delvo had the burden of proving that it was prejudiced by her delay in filing a workers' compensation claim. We have implicitly rejected this argument in a prior case, *Morrison–Knudsen Co. v. Vereen*, 414 P.2d 536 (Alaska 1966). Explaining the purpose of AS 23.30.105(a)'s statute of limitations, we relied on a passage from Larson's treatise on workers' compensation law:

Failure to file a claim for compensation within the statutory period cannot be excused by an argument that the employer was not harmed by the lateness of the filing. Like any statute of limitation, this one carries a conclusive presumption that a defendant is prejudiced by reason of the enhanced difficulty of preparing a defense.

*Id.* at 538 n. 3 (quoting 2 Larson, *Workmen's Compensation* § 78.20 (1961)). Because the statute of limitations in AS 23.30.105(a) presumes that an employer is prejudiced by a failure to file the claim within the specified time, Delvo did not have to prove prejudice in order to succeed in its statute of limitations defense.