Wayne E. COLLINS, Appellant,

v.

ARCTIC BUILDERS, INC., Home Insurance Co., and Alaska Workers' Compensation Board, Appellees.

No. S–9352.

Supreme Court of Alaska.

Oct. 5, 2001.

Wayne E. Collins, pro se, Anchorage, Appellant.

Robert L. Griffin and Linda J. Hiemer, Law Offices of Robert L. Griffin, Inc., Anchorage, for Appellees Arctic Builders and Home Insurance Co.

Before MATTHEWS, Chief Justice, EASTAUGH, FABE, BRYNER, and CARPENETI, Justices.

OPINION

CARPENETI, Justice.

## I. INTRODUCTION

Wayne Collins was exposed to asbestos while working for Arctic Builders in 1963. This exposure had no immediate symptoms, but more than twenty years later Collins developed chest pain and shortness of breath. His doctor diagnosed him with chronic asbestos pleuritis, and Collins became aware of his condition on November 3, 1990. Collins claimed to have attempted to file for workers' compensation benefits in 1991, before the two-year statute of limitations had run. The board expressly made no factual determination concerning this attempt. Because determination of the date that Collins initially

attempted to file his claim is critical to application of the statute of limitations and may convince the board to excuse Collins's lack of notice of injury, we vacate the dismissal of Collins's claim and remand for these factual determinations.

## II. FACTS AND PROCEEDINGS [1]

Wayne Collins suffers from health problems attributable to asbestos exposure that occurred at a Clear Air Force Base construction project while he was working for Arctic Builders in 1963. Collins became aware of his condition no later than November 3, 1990, when he received the report of Dr. Buff B. Burtis.

Collins claims that he first attempted to file for benefits in 1991. Collins testified that he brought his application to the state workers' compensation office, but the clerk told him that he had to file with a federal agency because his injury occurred on a military base. Collins stated that he argued with the clerk, telling the clerk that he was a civilian contractor, and filed the application anyway. Both parties agree that there is no record of this attempted filing.

Collins appears to have also filed a claim with the federal Office of Workers' Compensation Programs and later asked Senator Frank H. Murkowski to check on the status of his claim. Senator Murkowski found that there was no record of Collins being a civilian employee of the federal government, a prerequisite to coverage under the Federal Employees' Compensation Act. Because Collins had been an employee of the private contractor Arctic Builders, he was only eligible for benefits under the Alaska Workers' Compensation Act. Collins filed for benefits with the Alaska Workers' Compensation Board on May 21, 1993.

The Alaska Workers' Compensation Board held a hearing for Collins's adjustment of claim in January 1996. In February the board concluded that Collins's claim was time barred and dismissed it. The board determined that Collins had neither timely filed notice of injury as required by AS 23.30.100(a) nor offered any evidence supporting an exception to that requirement.

Collins appealed the board's decision to the superior court. The superior court concluded that Collins's appeal, in addition to being untimely, "failed to comply with the appellate rules." Nonetheless, the superior court gave Collins fourteen days to correct the deficiencies in his appeal documents.

Collins later filed all required pleadings in the superior court, except a statement of points on appeal.[2] Based on this failure, the superior court found that he had not complied with the Alaska Appellate Rules and dismissed his case for want of prosecution and untimeliness.

Collins appealed that dismissal to this court. We reversed the superior court's dismissal and reinstated Collins's administrative appeal.[3] Since Collins was *pro se*, we held that his attempted compliance with the Appellate Rules precluded a summary dismissal of his appeal until the court gave him notice of, and an opportunity to cure, the specific defects of his pleadings.[4]

After remand to the superior court, the case was reassigned to Superior Court Judge Michael L. Wolverton. Judge Wolverton affirmed the board's dismissal of Collins's claim, ruling that Collins had failed to file a timely notice of injury according to AS 23.30.100(a) and that Collins was barred by AS 23.30.105(a)'s two-year statute of limitations.

Collins again appeals *pro se*.

## III. STANDARD OF REVIEW

 When the superior court acts as an intermediate court of appeal in an administrative matter, we independently review the

---

1. The facts and proceedings are largely adapted from our fact presentation in Collins's appeal of a previous purely procedural dismissal. *See Collins v. Arctic Builders*, 957 P.2d 980, 981 (Alaska 1998).

2. *See id.* at 981.

3. *See id.* at 982–83.

4. *See id.*

decision of the administrative agency.[5] We review findings made by the Alaska Workers' Compensation Board "under the substantial evidence standard, asking whether those findings are supported by such relevant evidence as a reasonable mind might accept to support a conclusion."[6] Finally, we review questions of law using our independent judgment.[7]

## IV. DISCUSSION

 Collins argues that he is excused from filing his notice of injury within thirty days after he knew of his latent asbestosis by virtue of AS 23.30.100(a) and .105(a). Arctic Builders responds that Collins's notice of injury was untimely under subsection .100(a) and that Collins's claim was barred by the statute of limitations in subsection .105(a). We address the statute of limitations argument first.

Collins contends that his workers' compensation claim was timely because AS 23.30.105(a)[8] allows claims for latent injuries "time limitations notwithstanding."[9] Arctic Builders contends that subsection .105(a)'s latent injury exception tolls the statute of limitations until the claimant knows or reasonably should know of the injury. Because Collins filed his claim more than two years after he received actual notice of his chronic asbestos pleuritis, Arctic Builders argues, his claim should be barred by the statute of limitations. Collins replies with a factual argument: that he timely attempted to file his claim in 1991, but the clerk at the state workers' compensation office told him to file with a federal agency, and his application got lost in the shuffle.

Alaska Statute 23.30.105(a) requires that a claim for disability compensation must be "filed within two years after the employee has knowledge of the nature of the employee's disability and its relation to the employment and after disablement."[10] We have previously held that subsection .105(a) provides a latent injury exception to this two-year statute of limitations.[11] For latent injuries, the two-year statute of limitations is tolled "so long as the claimant does not know, and in the exercise of reasonable diligence (taking into account his education, intelligence and experience) would not have come to know, the nature of his disability and its relation to his employment."[12]

Collins contends that the last sentence of subsection .105(a) effectively repeals the general two-year statute of limitations for any latent injury. His interpretation directly conflicts with our previous interpretation of this subsection in *W.R. Grasle Co. v. Alaska Workmen's Compensation Board.*[13] In *W.R. Grasle,* we noted that, prior to the addition of the last sentence in a 1962 amendment, AS 23.30.105(a) had two restrictions on workers' compensation claims: the first sentence of

**5.** *See Phillip Weidner & Assocs., Inc. v. Hibdon,* 989 P.2d 727, 730 (Alaska 1999).

**6.** *Id.* (quoting *Grove v. Alaska Constr. & Erectors,* 948 P.2d 454, 456 (Alaska 1997)) (internal quotation marks omitted).

**7.** *See id.*

**8.** AS 23.30.105(a) states that timing requirements for filing workers' compensation claims: The right to compensation for disability under this chapter is barred unless a claim for it is filed within two years after the employee has knowledge of the nature of the employee's disability and its relation to the employment and after disablement. However, the maximum time for filing the claim in any event other than arising out of an occupational disease shall be four years from the date of injury, and the right to compensation for death is barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of the injury or death, a claim may be filed within two years after the date of the last payment of benefits under AS 23.30.180, 23.30.185, 23.30.190, 23.30.200, or 23.30.215. It is additionally provided that, in the case of latent defects pertinent to and causing compensable disability, the injured employee has full right to claim as shall be determined by the board, time limitations notwithstanding.

**9.** AS 23.30.105(a).

**10.** *Id.*

**11.** *See Aleck v. Delvo Plastics, Inc.,* 972 P.2d 988, 991 (Alaska 1999).

**12.** *W.R. Grasle Co. v. Alaska Workmen's Compensation Bd.,* 517 P.2d 999, 1002 (Alaska 1974) (footnote omitted).

**13.** 517 P.2d 999 (Alaska 1974).

subsection .105(a) contained a two-year statute of limitations from the time the claimant had knowledge of the disability and its relationship to employment, and the second sentence contained a maximum four-year statute of limitations from the time of injury, regardless of the claimant's lack of knowledge.[14] Concerning the 1962 amendment, we concluded that the addition of the last sentence of subsection .105(a) repealed the four-year statute contained in the second sentence and created a latent injury exception.[15] The amendment did not affect the general two-year statute of limitations in the first sentence of subsection .105(a).[16] Accordingly, the board correctly interpreted subsection .105(a) to require Collins to file his claim within two years of his actual or chargeable knowledge of his disability and its relation to his employment.

■ The board found that Collins had actual knowledge of his work-related asbestos injury on November 3, 1990. Given Dr. Burtis's documentation of Collins's injury and of Collins's belief that the asbestos exposure occurred at the Clear Air Force Base and given Collins's deposition testimony acknowledging his full understanding of his injury as of November 3, we conclude that the board's finding was supported by substantial evidence.

■ Based on the facts before us, however, whether Collins's claim is barred by the statute of limitations is unclear. Collins alleged that he attempted to file his claim some time in 1991, but that the clerk argued with him about whether his claim was state or federal, and that Collins's paperwork was apparently lost. The board expressly did not reach the statute of limitations issue and made no factual finding as to Collins's attempted filing. Whether Collins made this attempt to file his claim in 1991 is critical because it could be interpreted as sufficient to avoid the bar by the statute of limitations or because the clerk's alleged statement that Collins should not file with the state workers' compensation board might be a form of estoppel, preventing reliance on the statute of limitations to dismiss Collins's claim.

Whether Collins made an attempt to file in 1991 is also important to a determination of whether the board should excuse Collins's untimely notice of injury. Alaska Statute 23.30.100(a) requires an injured employee to notify his or her employer of a work-related injury within thirty days of the injury.[17] But AS 23.30.100(d) gives the board discretion to excuse a failure to give timely notice if the employee has a satisfactory reason.[18] If Collins had attempted to file his claim in 1991, he is entitled to argue that the board should excuse his tardiness in giving notice of his injury, especially given that Collins suffered from the latent condition of chronic asbestos pleuritis, that he no longer worked for the company who was his employer at the time of his exposure, and that the former employer was no longer in business. Under these circumstances, the urgency and immediacy that normally would prompt one to realize that notice of injury should quickly be filed are no longer present.

The rationale for requiring notice of injury within thirty days of the claimant's knowledge of his injury does not exist here. We have previously noted that "[t]imely written notice of an injury is required because it lets

14. *See id.* at 1002.

15. *See id.*

16. *See id.* at 1003.

17. AS 23.30.100(a) provides: "Notice of an injury or death in respect to which compensation is payable under this chapter shall be given within 30 days after the date of such injury or death to the board and to the employer."

18. Alaska Statute 23.30.100(d) provides:
 (d) Failure to give notice does not bar a claim under this chapter

(1) if the employer, an agent of the employer in charge of the business in the place where the injury occurred, or the carrier had knowledge of the injury or death and the board determines that the employer or carrier has not been prejudiced by failure to give notice;

(2) if the board excuses the failure on the ground that for some satisfactory reason notice could not be given;

(3) unless objection to the failure is raised before the board at the first hearing of a claim for compensation in respect to the injury or death.

the employer provide immediate medical diagnosis and treatment to minimize the seriousness of the injury, and because it facilitates the earliest possible investigation of the facts surrounding the injury."[19] Because the chronic asbestos pleuritis is incurable, timely notice of claim would not have minimized Collins's injury in this case. Because the exposure occurred more than twenty-five years earlier, a timely notice of injury would not substantially assist an investigation of the facts surrounding Collins's injury. Any prejudice to the employer is attributable to the latency of asbestosis rather than Collins's lack of prompt notice of injury. Accordingly, we remand this action to the board for a determination of whether Collins initially attempted to file his claim for workers' compensation within two years of November 3, 1990.[20]

19. *Dafermo v. Municipality of Anchorage*, 941 P.2d 114, 118 (Alaska 1997).

20. The board may excuse Collins's lack of timely notice of injury even if Collins's original attempt

## V. CONCLUSION

Because the board made no finding regarding Collins's alleged attempt to file his claim in 1991, which, if it occurred, would prevent the bar of the statute of limitations and may be sufficient to excuse the tardiness of the notice of injury, we VACATE the dismissal of Collins's claim and REMAND for factual determinations of Collins's attempted filing and further proceedings consistent with this opinion.

to give notice was not within the thirty day window. Alaska Statute 23.30.100(d)(2) requires only that the board find "some satisfactory reason notice could not be given" and not that an applicant make an initial timely notice of injury.