NO. 07-04-0077-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 20, 2011

_____

STANLEY RAY JONES, APPELLANT[1]

V.

TED SCOTT, M.D., ET AL., APPELLEES

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,918; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Presenting four "propositions," Appellant, Stanley Ray Jones, proceeding *pro se*,

challenges the trial court's final judgment of November 18, 2003, that he take nothing in

[1]This appeal was originally styled *Dale Sue Jones and Stanley Ray Jones v. Ted Scott, M.D., et al.* The Joneses, husband and wife, proceeded *pro se* throughout this case. Following the death of Dale Sue in February 2009, this Court advised Stanley by order dated July 7, 2010, that he could not represent the estate of his deceased spouse because an unlicensed layperson is not authorized to represent the interest of another party. *See In re Murphy*, 2009 Tex. App. LEXIS 3934, at *14-15 (Tex.App.--Houston [14th Dist.] March 5, 2009, no pet.) (mem. op.). Stanley was given until September 3, 2010, in which to engage legal counsel to represent Dale Sue's interests. Neither Stanley nor the estate of Dale Sue Jones ever engaged counsel and by order dated October 28, 2010, this Court dismissed that portion of this appeal pertaining to the claims of Dale Sue Jones. *See Jones v. Scott, M.D., et al.*, No. 07-04-00077-CV, 2010 Tex. App. LEXIS 8710, at *2 (Tex.App.--Amarillo Oct. 28, 2010, no pet.).

his suit against Appellee, Ted Scott, M.D. He also challenges a summary judgment granted on November 6, 2003, in favor of Appellee, New Reflections, which dismissed his case with prejudice and he asserts error by the trial court in (1) refusing to grant him a continuance; (2) permitting an attorney of record to remain on the jury panel; (3) granting summary judgment in favor of New Reflections; and (4) ruling that his medical expert limit his testimony to lack of informed consent and not be permitted to testify to the standard of care.[2] In its brief, New Reflections challenges Stanley's Statement of Facts as being in violation of Rule 38.1(g) of the Texas Rules of Appellate Procedure and presents its own concise Statement of Facts. By his reply brief, Stanley takes issue with New Reflections's challenge to his Statement of Facts and New Reflections's arguments. We affirm.

## Background Facts

This appeal stems from a *pro se* health care liability claim initiated by the Joneses in 2001, related to bariatric surgery, a weight loss procedure performed on Dale Sue Jones on March 4, 1999. Originally, they sued seven defendants but on November 13, 2001, filed a voluntary nonsuit against five of the defendants leaving causes of action pending against only two remaining defendants, Dr. Ted Scott and New Reflections. By their suit, Stanley and Dale Sue alleged negligence with respect to Dale Sue's medical treatment. Stanley alleged additional damages for loss of consortium and mental anguish. Claims under the Texas Deceptive Trade Practices Act ("DTPA") were later added by an *Amendment to Petition*.

---

[2]Issues one, two and four are relevant to the case against Dr. Scott, while issue three is the only issue related to claims against New Reflections. Thus, in his brief, Dr. Scott does not address issue three and in its brief, New Reflections does not address issues one, two, and four.

*Claims Against New Reflections*

On December 13, 2002, the trial court dismissed the Joneses' health care liability claims for failure to file an expert report meeting the requirements of section 13.01(d) of former article 4590i.[3]  On December 17, 2002, the Joneses attempted to appeal that dismissal.  By opinion dated June 17, 2003, in Cause No. 07-03-0043-CV, this Court dismissed that appeal for want of jurisdiction based on the fact that the order being appealed did not dispose of all claims and causes of action against all parties and was, therefore, not a final appealable order.  *See Jones v. Scott,* No. 07-03-00043-CV, 2003 Tex. App. LEXIS 5168 (Tex.App.--Amarillo, June 17, 2003, no pet.).  Specifically, nothing in the record indicated a disposition of any of the DTPA claims against New Reflections.  On November 6, 2003, the trial court disposed of the remaining claims against New Reflections when it granted summary judgment in its favor as to the Joneses' DTPA claims.  Judgment in favor of Dr. Scott was entered on November 18, 2003.  Thus, the subsequently entered orders caused all orders to become final and appealable.  The Joneses filed a *Notice of Intent to Appeal* the order granting summary judgment in favor of New Reflections.

*Claims Against Dr. Scott*

Trial was scheduled to commence on November 17, 2003.  On that day, Stanley's motion for continuance was heard by teleconference.  He stated that Dale Sue was hospitalized in Oklahoma and would be unable to travel to Lubbock for trial.  The

---

[3]Repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884, now codified at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2011).

trial court denied the motion but delayed the trial for six hours to allow the Joneses to travel to Lubbock. When Stanley arrived in court without Dale Sue, opposing counsel argued that Stanley could not represent Dale Sue because he was not a licensed attorney. The trial court agreed and announced that "Mrs. Jones' claim against Dr. Scott will be dismissed for want of prosecution." An order memorializing the trial court's ruling against Dale Sue was entered. Trial proceeded as to Stanley's claims. After *voir dire* was conducted and a jury seated, the trial was recessed until the following day. The next morning, Stanley did not appear. He subsequently advised the trial court by phone that he had returned to Oklahoma City and would not appear. In light of the circumstances, Dr. Scott requested, and was granted, a directed verdict as to all remaining claims and causes of action. The trial court entered a final judgment which was signed on November 18, 2003. The Joneses filed a *Motion for New Trial* on December 8, 2003, which was eventually overruled by operation of law. On February 20, 2004, they timely perfected this appeal.

Since the perfection of this appeal, this proceeding has withstood four bankruptcies and numerous abatements, reinstatements and orders. Following the death of Dale Sue on February 8, 2009,[4] and the failure to engage legal counsel to represent the interests of her estate, this Court dismissed that portion of this appeal pertaining to the claims of Dale Sue. *See Jones v. Scott, et al.*, 2010 Tex. App. LEXIS 8710, at *2 (Tex.App.--Amarillo Oct. 28, 2010, no pet.). Stanley, as the sole Appellant,

---

[4]Dale Sue's death was unrelated to the weight loss procedure on which the underlying suit is based.

and Dr. Ted Scott and New Reflections, as Appellees, have now filed their respective briefs and this appeal is ripe for disposition on the merits.

**Standard of Review--Pro Se Litigants**

A *pro se* litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *See Holt v. F.F. Enterprises*, 990 S.W.2d 756, 759 (Tex.App.--Amarillo 1998, pet. denied). There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). If a *pro se* litigant is not required to comply with the applicable rules of procedure, he would be given an unfair advantage over a litigant who is represented by counsel. *Id.*

**Analysis**

By his first contention, without relying on any legal authority or citations to the record, Stanley maintains the trial court erred in denying his motion for continuance on November 17, 2003. We disagree. In reviewing a trial court's denial of a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *BMC Software Belg.*, *N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

While this Court is not unsympathetic to the reasons that Stanley was unable to travel from Oklahoma to Lubbock, the case had been pending for over two years when

5

Stanley requested a continuance. According to the record, the trial court had before it a written motion for continuance when it conducted a hearing on the motion by telephone. However, nothing in the voluminous record reflects that the motion was supported by affidavit as required by Rule 251 of the Texas Rules of Civil Procedure. Tex. R. Civ. P. 251.

A trial court does not abuse its discretion in denying a motion for continuance that is not verified. *See* Tex. R. Civ. P. 251. *See also In re E.L.T.*, 93 S.W.3d 372, 375 (Tex.App.--Houston [14th Dist.] 2002, no pet.); *Green v. Tex. Dep't of Prot. & Reg. Servs*, 25 S.W.3d 213, 218 (Tex.App--El Paso 2000, no pet.). Additionally, Stanley failed to comply with Rule 38.1(i) of the Texas Rules of Appellate Procedure by not providing legal authority in support of his argument and appropriate record references. Failure to comply with Rule 38.1 results in waiver of his contention. *See Sunnyside Feedyard*, *L.C. v. Metropolitan Life Ins. Co.*, 106 S.W.3d 169, 173 (Tex.App.--Amarillo 2003, no pet.). We conclude the trial court did not abuse its discretion in denying Stanley's motion for a continuance. Stanley's first contention is overruled.

By his second argument, Stanley asserts the trial court erred in permitting an attorney of record to remain on the jury panel. Relying on an Oklahoma statute which is inapplicable in Texas, and author John Grisham, Stanley argues Jeffrey Jones, counsel for New Reflections, should not have been permitted to sit on the jury. We disagree.

Initially, we note that Jeffrey Jones was not selected to serve on the petit jury in this case.[5] Furthermore, we note that the jury did not make any decisions in this case as the trial court rendered a directed verdict.

When the case was called for trial on November 17, 2003, Jeffrey Jones, counsel for New Reflections was on the venire panel. During his *voir dire* examination, Stanley announced, "I don't know of any other way of accurately choosing a juror, and I just hope that the first twelve will do the right thing . . . ."[6] No questions were asked of any panel members. When counsel for Dr. Scott conducted her *voir dire*, Stanley did not lodge any objections. When the jury was selected, minus Jeffrey Jones, Stanley did not complain to the trial court about the jury selection process.[7]

Stanley's unsupported argument can be distilled to a claim that the presence of Jeffrey Jones on the venire panel caused the petit jury selected to be biased or prejudiced against him. Even if we were to accept the premise of Stanley's complaint that a biased or prejudiced jury caused reversible error, bias or prejudice cannot be presumed. *Gant v. Dumas Glass & Mirror*, 935 S.W.2d 202, 208 (Tex.App.--Amarillo 1996, no writ). Stanley had the opportunity to question the venire panel to determine any bias or prejudice but he chose not to do so. Furthermore, Stanley did not raise any objections during *voir dire* to preserve his complaint for appellate review. *See*

---

[5]In his brief, without citation to the record, Dr. Scott asserts that Jeffrey Jones was dismissed for cause.

[6]According to the reporter's record, Jeffrey Jones was juror fourteen on the *voir dire* panel.

[7]The record does not reflect whether any challenges for cause were granted, nor does it reflect how either party exercised their peremptory challenges.

*Consolidated Underwriters v. Pittman*, 388 S.W.2d 315, 319 (Tex.Civ.App-Beaumont 1964, writ ref'd n.r.e.). Issue two is overruled.

By his third contention, Stanley alleges the trial court erred in granting summary judgment in favor of New Reflections. We disagree. Relying on *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995), and *Malcomson Rd Util. Dist. v. Newsom*, 171 S.W.3d 257 (Tex.App.--Houston [1st Dist.] 2005, pet. denied), Stanley argues that because New Reflections met all the requirements of a legal entity for purposes of litigation, it should not have been awarded summary judgment on the basis that it did not have the legal capacity to be sued.

In reviewing a traditional summary judgment, this Court applies these well established rules:

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*See American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997), citing *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548-49 (Tex. 1985). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and that he is entitled to judgment as a

8

matter of law. Tex. R. Civ. P. 166a(c); *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005).

In a no-evidence summary judgment motion, the movant contends there is no evidence of one or more essential elements of the claims for which the non-movant would bear the burden of proof at trial. Tex. R. Civ. P. 166a(i). Once the motion is filed, the burden shifts to the non-movant to present evidence raising an issue of material fact as to the elements specified in the motion. The trial court must grant the motion unless the non-movant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements. *See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). The non-moving party is "not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements." Tex. R. Civ. P. 166a(i), Notes and Comments (1997). We review the summary judgment evidence in the light most favorable to the party against whom summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See Hamilton v. Wilson*, 249 S.W.3d 425, 426, (Tex. 2008), citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). *See also Mack Trucks*, *Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

By their *Original Petition*, the Joneses sued New Reflections for negligence in recruiting, selecting and processing Dale Sue for bariatric surgery. They subsequently added DTPA violations including breach of express and/or implied warranties, lack of informed consent and also alleged Dr. Scott acted as the alter ego of New Reflections.

9

New Reflections responded with a traditional and no-evidence motion for summary judgment alleging as grounds that it lacked capacity to be sued, that DTPA violations were barred in medical malpractice and personal injury cases and that Dale Sue had been informed of the risks of surgery. Without specifying the ground relied on, the trial court granted summary judgment in favor of New Reflections and dismissed Stanley's case with prejudice.

In his brief, Stanley alludes to a response he filed to Dr. Scott's motions. He maintains his response was supported by affidavits and legal authority. A review of the voluminous record does not reflect a response was filed and neither brief contains a reference to the clerk's record concerning a response.[8] Regardless of whether Stanley filed a response, the trial court may not grant a summary judgment merely on that basis. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979). A non-movant needs no response to contend on appeal that the grounds expressly presented to the trial court are insufficient as a matter of law to support summary judgment. *Id.*

On appeal, Stanley only challenges New Reflections's ground pertaining to its capacity to be sued. Thus, we will limit our review to that ground. Civil suits may be maintained only by or against parties having an actual or legal existence. *Henson v. Estate of Crow*, 743 S.W.2d 648, 649 (Tex. 1987). In its motion for summary judgment, New Reflections explained that it was a weight loss program of Covenant Health

---

[8]A court of appeals is not required to search a voluminous record without guidance from an appellant to determine whether an assertion of reversible error is valid. *Labrador Oil Co. v. Norton Drilling Co.*, 1 S.W.3d 795, 803 (Tex.App.--Amarillo 1999, no pet.).

System and not a corporation or legal entity with the capacity to be sued. The argument continued that because Covenant Health System had been dismissed from the suit, New Reflections should likewise be dismissed.

The record contains documentation in support of New Reflections's claim that it did not exist as a legal entity at the time of Dale Sue's surgery in March 1999. An Assumed Name Certificate witnessed on April 9, 1999, shows that Covenant Health System would be conducting business under the assumed name of "New Reflections." Documentation also shows that on January 23, 2002, Covenant Health System abandoned the assumed name of "New Reflections."

Even viewing the evidence in the light most favorable to Stanley and crediting evidence favorable to him if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, we conclude the record supports summary judgment in favor of New Reflections on the ground that it did not have the capacity to be sued. When, as here, Stanley only challenges New Reflections's capacity to be sued and does not otherwise attack every possible ground upon which summary judgment was based, the summary judgment must be affirmed. *Malooly Bros. Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). Issue three is overruled.

By his final contention, Stanley contends the trial court erred in limiting his medical expert's testimony to the issue of lack of informed consent and not permitting him to testify to the appropriate standard of care. He argues that his entire case was based on Dr. Scott's failure to meet the standard of care and his expert would have

established that Dale Sue's problems were a result of Dr. Scott's negligence. We disagree.

Relying on *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249 (Tex. 2010), Stanley argues the trial court erred in sustaining defendants' objections to his expert's lack of experience in bariatric surgeries. New Reflections objects to presentation of this argument on the ground that the issue was decided by the trial court on April 19, 2002.

On November 13, 2001, Stanley filed an expert report by Dr. Larry Gellman of New York. Dr. Scott objected to the report on the ground that it did not comply with former article 4590i[9] and filed a motion to dismiss. The trial court agreed that the expert report did not satisfy the requirements of article 4590i, section 13.01 and granted the Joneses a thirty-day grace period in which to file an expert report in compliance with the statute. Dr. Gellman filed a timely addendum to his expert report which Dr. Scott objected to on the ground that Dr. Gellman's curriculum vitae did not show he was qualified to comment on bariatric surgery. Dr. Scott moved to strike Dr. Gellman as an expert in the case. The trial court agreed in part and on April 19, 2002, ordered that Dr. Gellman was not qualified to testify to the applicable standard of care in bariatric surgeries but was qualified to testify to lack of informed consent.

Over a year later and one week prior to trial, at a November 7, 2003 pretrial hearing, Stanley complained of the trial court's order limiting his expert's testimony.

[9]Article 4590i, which applies to cases filed before September 1, 2003, has been repealed and is now codified in chapter 74 of the Texas Civil Practice & Remedies Code Annotated (West 2011). *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 864.

Stanley was under the impression that his expert's testimony had been limited because Dr. Gellman had failed to disclose how many bariatric procedures he had performed. Stanley wanted to supplement the expert report to reflect that Dr. Gellman had performed 150 bariatric surgeries in an eighteen-month period. Counsel for Dr. Scott responded that the number of surgeries performed was not the issue; rather, Dr. Gellman failed to address the applicable standard of care for a physician performing bariatric surgery. The trial court overruled Stanley's request noting that the issue had been resolved at the prior hearing.

A report that does not meet the statutory requirements is insufficient to avoid dismissal.[10] *Am. Transitional Care Ctrs. of Tex.*, *Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001). Dr. Gellman's report did not provide a fair summary of the standard of care for bariatric surgery. Additionally, when an extension of time is granted to cure deficiencies in an expert report, as was done in the underlying case, the report must be served by the statutory deadline. *Scoresby v. Santillan*, No. 09-0497, 2011 Tex. LEXIS 516, 54 Tex. Sup. J. 1413 (Tex. 2011). The trial court did not err in declining to permit Stanley to supplement his expert report almost eighteen months after the expiration of the extension period or in limiting his expert's testimony to lack of informed consent. Issue four is overruled.

---

[10]An expert report is a fair summary of the expert's opinions regarding the applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(6) (West 2011), formerly Tex. Rev. Civ. Stat. Ann. 4590i, § 13.01(r)(6).

## Conclusion

Having overruled all of Stanley Ray Jones's contentions, the trial court's judgment in favor of Dr. Ted Scott and the summary judgment in favor of New Reflections are both affirmed.

Per Curiam

Campbell, J., concurring without opinion.